Filed 3/16/21  Edalati v. Kaiser Foundation Health Plan, Inc. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NAZILA TAZANGI EDALATI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC. et al.,<br><br>        Defendants and Respondents. | A156916<br><br>(Solano County<br>Super. Ct. No. FCS044289) |

Nazila Tazangi Edalati D.D.S. appeals after judgment was entered in favor of defendants on her defamation and invasion of privacy suit.  She contends the trial court erred in granting summary judgment because she established a triable issue of fact as to the common interest privilege's application.  (Civ. Code, § 47, subd. (c); undesignated statutory references are to the Civil Code.)[1]  We disagree and affirm.

## BACKGROUND

### A.

Defamation requires the publication of a statement of fact that is false, defamatory, unprivileged, and has a natural tendency to injure or causes

---

[1]  Because multiple members of the Edalati family are involved, we will refer to them by their first names, for clarity.

1

special damage.  (*Taus v. Loftus* (2007) 40 Cal.4th 683, 720 (*Taus*).)  Libel is a type of defamation based on written statements or other visual depictions. (§ 45.)  The "common-interest privilege" provides a conditional privilege to a defendant who makes a statement to others on a matter of common interest if the statement is made without malice.  (§ 47, subd. (c); *Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1196 (*Lundquist*).)

### B.

Kaiser Foundation Health Plan, Inc. (Kaiser) has contracts with the federal government allowing it to provide prescription medication plans to Medicare patients.  Kaiser is required to regularly review lists of providers excluded from writing prescriptions for Medicare members and to notify such providers' Medicare patients that federal law prohibits using federal funds to cover the cost of any drugs they prescribe.  The government's list of excluded prescribers is maintained by the Office of Inspector General for the United States Department of Health and Human Services.

In October 2013, Kaiser erroneously notified 38 of Nazila's Medicare patients that she was on a list of excluded providers suspected of fraud. Kaiser's letters stated that it "[could] no longer cover prescription medications . . . that are prescribed by [Nazila] . . . because . . . she has been excluded from participation in all federal health care programs."

Nazila complained to Kaiser in December 2013.  After confirming Nazila was not an excluded provider, Kaiser sent retraction letters, the following month, to the same 38 patients.

### C.

Nazila sued Kaiser, Kaiser Foundation Hospitals, and the Permanente Medical Group, Inc. for defamation and false light invasion of privacy.  Nazila alleged that Kaiser made the October 2013 publication knowing of its falsity

2

or in reckless disregard for its truth and without undertaking an adequate investigation.

Kaiser moved for summary judgment, arguing that the publications were protected by the common interest privilege because they were made about a dentist's eligibility for reimbursement, pursuant to Kaiser's responsibilities as a Medicare participant, to interested parties, without actual malice.

Kaiser acknowledged the publications made to Nazila's patients were false—she was not in fact on the government's list of excluded prescribers in October 2013. But Kaiser also presented evidence that the publication was made negligently and not with actual malice.

Kaiser employee Vanessa Munoz provided a declaration in which she stated that, consistent with Kaiser's usual practice, she received a list of potentially excluded prescribers from Kaiser's Pharmacy Service Center, which included Nazila. Munoz then pasted the listed last names into the website maintained by the Office of Inspector General, as well as a third party database, for verification. Munoz admitted that she failed to notice that her search for Nazila's last name returned a hit for Nazila's brother, Bahman Tazangi Edalati (who is also a dentist), on the federal government's list of excluded providers. Failing to notice the difference in the first names, Munoz mistakenly believed that Nazila was an excluded provider. Relying on this information, Munoz sent a confirmation email to Kaiser's Pharmacy Service Center, which triggered the letters.

Munoz attributed her inattention to detail to significant stress caused by a medical condition she was experiencing at the time. Munoz stated in her declaration that she did not know Nazila in October 2013 and had never harbored ill will against her.

3

Nazila opposed the summary judgment motion.  She argued, in her opposition brief, that Kaiser acted with malice when it made the challenged publications, thereby defeating any qualified privilege, because Munoz only verified matching last names and thereby made no real effort to determine whether Kaiser's publication was true or false.  In support, she pointed to evidence that first names and other distinguishing information were available to Munoz, had she investigated further.  She also cited evidence that Kaiser failed to follow its own procedures, which requires verifying first names and other unique identifiers.

The trial court granted Kaiser's motion and entered judgment in its favor.  The court explained:  "Evidence supports a finding that Kaiser was negligent in mistakenly communicating to [Nazila's] patients that she was an excluded Medicare provider. [¶] . . . [¶] Because no evidence exists to create a triable issue of fact as to malice, the common interest privilege creates a complete defense to defamation."

## DISCUSSION

### A.

Nazila argues the trial court erred in concluding that Kaiser's conduct was privileged because she established a triable issue of material fact with respect to malice.  After independently reviewing the evidence submitted in support and in opposition to the motion (*Couch v. San Juan Unified School Dist.* (1995) 33 Cal.App.4th 1491, 1498), we disagree.

### 1.

It is undisputed that the common interest privilege applies to the publications at issue.  Accordingly, the absence of malice is presumed and Nazila bears the burden to defeat the privilege by showing Kaiser made the statement with actual malice.  (§ 48; *Taus, supra,* 40 Cal.4th at p. 721;

4

*Lundquist, supra,* 7 Cal.4th at pp. 1196-1197, 1208.) Actual malice cannot be inferred from the statement itself. (§ 48; *Lundquist, supra,* 7 Cal.4th at pp. 1209-1210; *Noel v. River Hills Wilsons, Inc.* (2003) 113 Cal.App.4th 1363, 1370 (*Noel*).) It is established " ' "by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights (citations)." ' " (*Taus, supra,* 40 Cal.4th at p. 721, italics omitted.)

**2.**

Nazila contends she established a triable issue regarding malice because Munoz acted recklessly in failing to adequately investigate the truth or falsity of Kaiser's statement. Nazila relies on evidence that Kaiser did not immediately retract its publications when notified and that Munoz failed to verify that Nazila's first name or other unique identifiers matched the information on the federal government's website—information that was readily available, required to be verified by Kaiser, and which would have cleared her name. We assume that Munoz performed a substandard investigation and that Kaiser delayed in sending retraction letters but agree with Kaiser that Nazila's evidence presents no triable issue as to actual malice.[2]

"The failure to conduct a thorough and objective investigation, standing alone, does not prove actual malice." (*Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 258.) We focus solely on the defendant's subjective state of mind *at the time of publication.* (*Sutter Health v. UNITE HERE*

---

[2] We disregard evidence cited in Nazila's amended statement of undisputed facts, which the trial court ruled was not properly before it. Nazila ignores this ruling on appeal and forfeits any argument that the trial court abused its discretion.

5

(2010) 186 Cal.App.4th 1193, 1210-1211.) Reckless disregard requires more than negligence or even gross negligence; it means "the defendant was actually aware the contested publication was false" or entertained serious doubts as to its truth. (*Id.* at p. 1210; *Noel, supra,* 113 Cal.App.4th at pp. 1370-1371; *Jackson v. Paramount Pictures Corp.* (1998) 68 Cal.App.4th 10, 33.) Reckless disregard "is *not* measured by whether a reasonably prudent [person] would have published, or would have investigated before publishing." (*Jackson, supra,* at p. 33, italics added.)

Munoz stated in her declaration that she did not know Nazila, in October 2013, and never harbored ill will against her. When the challenged letters were sent, neither Munoz nor Kaiser harbored any doubt that the exclusion letters were accurate. Munoz subjectively believed that Nazila *had been* excluded. Munoz stated that she simply "did not realize" that the first names did not match. There is certainly nothing about the circumstances surrounding Kaiser's publication that suggests Munoz's stated belief was highly improbable or that she was purposefully avoiding the truth.

Nazila points to absolutely no evidence that Munoz or any other Kaiser employee believed the exclusion statements were false, or entertained serious doubts about their truth, in October 2013. It is insufficient that further investigation would have revealed the publication was false, even if Munoz's investigation was sloppy. (See *Noel, supra,* 113 Cal.App.4th at pp. 1366-1367, 1371-1372, 1375 [no triable issue on malice when former employer paid insufficient attention to name provided in reference request and, believing the request involved an entirely different former employee, provided inaccurate reference that plaintiff was terminated due to " 'loss prevention issues' "]; *Reader's Digest Ass'n v. Superior Court, supra,* 37 Cal.3d at p. 258 ["The failure to conduct a thorough and objective investigation, standing

6

alone, does not prove actual malice, nor even necessarily raise a triable issue of fact on that controversy"].)

## 3.

We are no more persuaded by Nazila's suggestion that she is subject to a lesser standard for proving actual malice because the exclusion letters constituted libel per se.  First, Nazila forfeited the argument by raising it for the first time in her reply brief.  (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453.)  In any event, libel per se is a publication which is defamatory on its face.  (§ 45a; *Balla v. Hall* (2021) 59 Cal.App.5th 652, 675, 686.)  Whether a publication is defamatory and whether it is privileged are two distinct questions.  (See *Taus, supra*, 40 Cal.4th at p. 720.)  She cannot rely on *Snively v. Record Publishing Co.* (1921) 185 Cal. 565, 577-578 to establish a different burden of proof on malice.  *Snively* has since been disapproved on precisely that point.  (*Lundquist, supra,* 7 Cal.4th at pp. 1208-1211.)

No reasonable jury could infer malice on this record.  The same is true for Nazila's invasion of privacy cause of action.  (See *Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 277.)  The trial court correctly granted summary judgment.  We need not address the parties' additional arguments.

### DISPOSITION

The judgment is affirmed.  Respondents are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
NEEDHAM, J.

A156916